IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO. 2:25CR-22 |
| | ) | |
| v. | ) | |
| | ) | |
| DAN WENDELL MANGRAM | ) | 21 U.S.C. § 846 |
| | ) | Conspiracy to Possess With Intent to |
| | ) | Distribute and to Distribute |
| | ) | Controlled Substance (Cocaine) |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Possession With Intent to Distribute |
| | ) | Controlled Substance |
| | ) | (Methamphetamine) |
| | ) | |
| | ) | 18 U.S.C. § 922(g)(1) |
| | ) | Possession of Firearms by a |
| | ) | Prohibited Person |
| | ) | |
| | ) | 18 U.S.C. § 924(c) |
| | ) | Possession of Firearms During and in |
| | ) | Relation to a Drug Trafficking Crime |
| | ) | |
| | ) | 18 U.S.C. § 2339B |
| | ) | Providing Material Support or |
| | ) | Resources to a Designated Foreign |
| | ) | Terrorist Organization |
| | ) | |
| | ) | |

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>
*Conspiracy to Possess with Intent to Distribute and
to Distribute Controlled Substances (Cocaine)*
21 U.S.C. § 846

Beginning on a date at least as early as March 3, 2025, up to and including April 22, 2025, the precise dates being unknown, in McIntosh County, within the Southern District of Georgia, the Middle District of Florida, and elsewhere, the

Defendant,

## DAN WENDELL MANGRAM,

did knowingly and intentionally combine, conspire, confederate and agree, with others known and unknown, to possess with intent to distribute and to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
*Possession with Intent to Distribute a Controlled Substance*
*(Methamphetamine)*
21 U.S.C. § 841(a)(1)

On or about April 23, 2025, in McIntosh County, within the Southern District of Georgia, the Defendant,

**DAN WENDELL MANGRAM,**

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE
*Possession of Firearms by a Prohibited Person*
18 U.S.C. § 922(g)(1)

On or about April 23, 2025, in McIntosh County, within the Southern District of Georgia, the Defendant,

**DAN WENDELL MANGRAM,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, the following firearms:

1. One (1) Ruger, .357 Magnum Revolver; and

2. One (1) Palmetto State Armory, multi-caliber pistol,

each of which had previously been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR
*Possession of Firearms During and in Relation to a Drug Trafficking Crime*
18 U.S.C. § 924(c)

On or about April 23, 2025, in McIntosh County, within the Southern District of Georgia, the Defendant,

### DAN WENDELL MANGRAM,

did knowingly possess firearms, to wit: one Ruger, .357 Magnum Revolver and one Palmetto State Armory, multi-caliber pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, *Possession with Intent to Distribute a Controlled Substance*, as charged in Count Two of this Indictment.

All in violation of Title 18, United States Code, Section 924(c).

## COUNT FIVE
*Providing Material Support or Resources to a Designated Foreign Terrorist Organization*
18 U.S.C. § 2339B

Beginning on a date at least as early as March 3, 2025, up to and including April 22, 2025, the precise dates being unknown, in McIntosh County, within the Southern District of Georgia, the Middle District of Florida, and elsewhere, the Defendant,

### DAN WENDELL MANGRAM,

did knowingly provide and attempt to provide material support and resources, to wit: United States Currency, to a foreign terrorist organization, namely, the Cártel de Golfo (CDG), which was designated a foreign terrorist organization on February 20, 2025, knowing that the organization was a designated terrorist organization, that the organization had engaged in and was engaging in terrorist activity and terrorism, and the defendant is a United States national.

All in violation of Title 18, United States Code, Section 2339B.

## ALLEGATION OF PRIOR CONVICTIONS

Before **DAN WENDELL MANGRAM** committed the offenses charged in Counts 1 and 2 of the Indictment, **DAN WENDELL MANGRAM** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 841(a) for which **DAN WENDELL MANGRAM** served a term of imprisonment of more than 12 months, and for which **DAN WENDELL MANGRAM** release from any term of imprisonment was within 15 years of the instant offenses. As a result of that conviction, **DAN WENDELL MANGRAM** is subject to increased punishment under Title 21, United States Code, Sections 841(b) and 851.

## FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 924(d) and 981(a)(1)(C), Title 21, United States Code, Section 853(a), and Title 28, United States Code, Section 2461(c).

Upon conviction of one or more of the offenses in violation of Title 21 of the United States Code set forth in this Indictment, the Defendant shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including but not limited to: $209,086.00 in U.S. Currency.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c), as a result of the commission of violation Title 18, United States Code, Section 239B, as alleged in Count Five of this Indictment, notice is given to the Defendant that he shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2339B.

Upon conviction of any offense in this Indictment, the Defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offenses, including but not limited to:

1. A Ruger, Model: SP11, .357 magnum revolver (S/N 578-57513);

  2. A Palmetto State Armory, Model: PA-15, multi-caliber pistol (S/N SCB313545).

If any of the property described above, as a result of any act or commission of the Defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A True Bill.

Foreperson

Tara M. Lyons  
Acting United States Attorney

Ryan E. Bondura  
Assistant United States Attorney  
* Lead Counsel

Tania D. Groover  
Assistant United States Attorney  
Chief, Criminal Division