UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CASE NO.: 2:25-cr-00022 |
| v. | * | |
| | * | |
| DAN MANGRAM, | * | |
| Defendant | * | |

## MOTION FOR ACCESS TO PROSPECTIVE GOVERNMENT WITNESSES AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, DAN MANGRAM, by and through undersigned counsel and respectfully moves this Honorable Court to grant them access to prospective government witnesses and as grounds thereof states as follows:

1. Based upon information and belief, the Defendant believes that one or more prospective government witnesses in this cause may be within the United States Marshal's Witness Protection Program, or in the protective custody of another agency of the Federal Government, or their whereabouts in the exclusive knowledge and control of the United States government; therefore, the location of and access to these witnesses are within the exclusive control of the Government.

2. The Defendant wishes to interview these witnesses and believes these interviews are essential to the preparation of his defense in this case.

3. The Defendant has an absolute right to <u>access</u> prospective government witnesses. <u>United States v. Rice,</u> 550 F. 2d 1364, 1375 (5th Cir. 1977); <u>United States v. Brown,</u> 555 F. 2d 407 (5th Cir. 1977). The government has no special right or privilege to control access to trial witnesses. <u>United States v. Hyatt,</u> 565 F.2d 299(2nd Cir. 1977). Of course, the right to access has

the limitation that the witness may refuse to be interviewed or dictate circumstances under which he will submit to an interview. United States v. Dryden, 423 F. 2d 1175 (5th Cir. 1970).

4. The Defendant requests that the government be required to permit access to prospective government witnesses for purposes of interview by the Defendant within a reasonable time prior to trial to insure that these interview are conducted in a meaningful manner. Additionally, respecting those prospective witnesses who indicate a desire not to be interviewed, the government should be required to file with this Court the names of said recalcitrant witnesses and the preferred reasons, if any, for the "witnesses" refusal to permit and interview.

WHEREFORE, the Defendant respectfully requests that this Court enter an Order granting this Motion.

Respectfully submitted this 23rd day of February, 2026.

/s Ronald E. Harrison II
Ronald E. Harrison II
Attorney for Defendant
Ga. Bar No. 333270

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia  31520
(912) 264-3035

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| UNITED STATES OF AMERICA, | * | |
|---|---|---|
| | * | CASE NO.: 2:25-cr-00022 |
| v. | * | |
| | * | |
| DAN MANGRAM, | * | |
| Defendant | * | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day delivered by email in accordance with the directives

from the Court Notice of Electronic Filing the **MOTION FOR ACCESS TO PROSPECTIVE**

**GOVERNMENT WITNESSES AND INCORPORATED MEMORANDUM OF LAW** in the

above-captioned case to:

> Ryan E. Bondura
> Assistant United States Attorney
> United States District Court
> 22 Barnard Street
> Savannah, GA  31401

This 23rd day of February, 2026.

Respectfully Submitted,

/s Ronald E. Harrison II
Ronald E. Harrison II
Georgia Bar No. 333270
Attorney for Defendant

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia  31520
(912) 264-3035