UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO.: 2:25-cr-00022 |
| v. | * |
| | * |
| DAN MANGRAM, | * |
| Defendant | * |

## MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION AND AUTHORITY THEREFORE AND RESERVATION OF RIGHT TO MOVE TO SUPPRESS

Comes now, DAN MANGRAM, the presumptively innocent accused citizen in the above-styled criminal action, by and through the undersigned attorney of record, and moves this Court pursuant to Rule 12, the 4th Amendment to the United States Constitution, and *Brady v. Maryland*, 373 U.S. 83 (1968) and its progeny for entry of an order directing the government to specify all evidence which is arguably subject to a motion to suppress and which it intends to use at trial. This request includes, but is not limited to, a demand for production of any search warrant and related affidavit used to procure, or attempt to procure, evidence related to the defendant or the subject indictment.

## AUTHORITY

Under Rule 12, motion to suppress evidence must be raised prior to trial if it is possible to do so. In order to expedite the preparation for trial and to avoid unnecessary interruptions during trial to hear suppression issues, a means is now provided under Rule 12 for early notice and pre-trial litigation of such questions. That is the purpose of the motion made here calling upon the government to advise the defendant of any specific evidence which is arguably subject to a

motion to suppress and which it intends to use at trial. By such disclosure, the defendant is alerted to the necessity if it exists, of making a motion to suppress.

The motion requests notice of evidence "arguably" subject to suppression. This is as it should be. If any argument property can be made, counsel is entitled to the opportunity to make it. Certainly, the attorneys for the government should not sit as judges and decide which issues will be exposed to the adversary process and which will be hidden from it. Indeed, the government conceded as much as in *Alderman v. United States*, 394 U.S. 165, 181 (1969), where it agreed that surveillance records, "arguably relevant" records should be turned over directly to defense counsel. 394 U.S. at 182, 184, n.15.

This motion expressly requests any and all such warrants and affidavits related thereto which were obtained by any sovereign and directed in whole or in part at defendant or any place in which defendant has a reasonable expectation of privacy. Defendant also expressly reserves the right to move to suppress any evidence obtained pursuant to any warrant.

There is no reason a "trial by ambush." See, *United States v. Kelley*, 420 F.2d 26, 29 (2nd Cir., 1969) The motion is manifestly in the interest of judicial economy, is necessary to safeguard the defendant's constitutional rights, and therefore should be granted.

Respectfully submitted this 23rd day of February, 2026.

/s Ronald E. Harrison II
Ronald E. Harrison II
Attorney for Defendant
Ga. Bar No. 333270

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia 31520
(912) 264-3035

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO.: 2:25-cr-00022 |
| v. | * |
| | * |
| DAN MANGRAM, | * |
| Defendant | * |

# CERTIFICATE OF SERVICE

This is to certify that I have this day delivered by email in accordance with the directives from the Court Notice of Electronic Filing the **Motion for Notice by the Government of its Intention to Use Evidence Arguably Subject to Suppression and Authority Therefore and Reservation of Right to Move to Suppress** in the above-captioned case to:

        Ryan E. Bondura
        Assistant United States Attorney
        United States District Court
        22 Barnard Street
        Savannah, GA  31401

This 23rd day of February, 2026.

        Respectfully Submitted,

        <u>/s Ronald E. Harrison II</u>
        Ronald E. Harrison II
        Georgia Bar No. 333270
        Attorney for Defendant

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia  31520
(912) 264-3035