UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO. 2:25-cr-00022 |
| v. | * |
| | * |
| DAN MANGRAM, | * |
| Defendant | * |

## MOTION FOR DISCLOSURE OF IMPEACHMENT EVIDENCE
## AND MEMORANDUM OF LAW

COMES NOW the Defendant, DAN MANGRAM, by and through undersigned counsel, pursuant to Rule 16(a)(1), Federal Rules of Criminal Procedure, and BRADY V. MARYLAND, 373 U.S. 83 (1963) and moves this Honorable Court to enter an Order directing the government to make inquiry and disclose to Defendant information regarding any and all witnesses which is within the possession, custody of the government, the existence of which is known or by the exercise of due diligence may become known to the government. The following items are hereby requested:

1. Any and all records and information revealing prior felony convictions, juvenile adjudications, or guilty verdicts including, but not limited to "rap sheets", attributed to any and all witnesses known by the government.

2. Any and all records and information revealing prior misconduct or bad acts attributed to any witness.

3. Any records and information regarding every occasion on which any witness has testified before any court, grand jury, or other tribunal, or has otherwise officially narrated the facts of this cause.

4. Any records and information regarding every occasion on which any witness who was or is presently an informant, accomplice, co-conspirator, member of a witness protection program or expect has testified before any Court, grand jury other tribunal.

5. Any and all personnel files or records of any witness, including all federal, state or local government files and any information regarding officials internal affairs or internal investigations relating to each witness who was or is presently a law enforcement officer.

6. Any and all consideration or promises of consideration given to or on behalf of any witness whether real or imagined by said witnesses, including anything, whether bargained for or not, which arguably could be of any value or use to any witness or t to persons of concern to any witness including family members; any formal or informal, direct or indirect, leniency, favorable treatment, recommendations of assistance with regard to any pending or potential cause of action with the Government or with any other parties any criminal, civil or tax immunity grants; payment of monies, rewards, fees of any nature or gifts of food, clothing, shelter, transportation, legal services, placement into a "witness protection program", informant status of any witness; any other benefits or inducements which arguably could reveal an interest or bias in the witness in favor of the Government or against the defense.

7. Any and all threats, whether express or implied, direct or indirect, made or directed against any witness or to persons of concern to any witness; any and all prosecutions or potential prosecutions or investigations which could be brought against any witness or against any person of concern to any witness; any and all probation, parole, deferred prosecution, or custodial status of any prosecution of potential prosecution, or investigation of any witness or any person or concern to any witness; and, any and all pending or potential legal disputes, administrative disputes, or transactions, or any type, in which the Government has real, apparent or perceived

influence, and which involves any witness or any person of concern to any witness.

8. Any and all other records and information which arguably could be of use to the defense for impeachment or proof against the Government's accusations, or which could lead to such records of information.

## MEMORANDUM OF LAW

The Standing Discovery Order in this Cause compels pre-trial disclosure of matters "which may be favorable to the Defendant" under Brady v. Maryland 373 U.S. 83 (1963), consideration promised to all prospective witnesses under Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959), and records of prior convictions of witnesses for the government; however, State v. Agurs, 427 U.S. 97, (1976) and Rule 16 (a) (1) Federal Rules of Criminal Procedure, compel additional disclosure by the Government. In Agurs, at page 106, the Supreme Court emphasized the duty of the prosecution to respond to all specific requests by defense counsel for arguably relevant information:

Although there is, of course no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge. When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever excusable.

## THE DUTY TO DISCLOSE

Due process requires that the government not suppress evidence favorable to the accused or discrediting to its own case, and upon request, that it disclose to the defense all such information. Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97 (1976). This

requirement encompasses matters directly material to guilt or innocence as well as information which bears upon the credibility of its witnesses. Giglio v. United States, 405 U.S. 150 (1972); Napue v. Illinois, 360 U.S. 264 (1956). As stated by the Supreme Court in Napue v. Illinois, supra, 360 U.S. at 269:

> The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

Furthermore, it is within the Court's supervisory power to safeguard the correct administration of justice in the federal courts and reinforce the due process requirement of disclosure. United States v. Consolidated Laundries Corp., 291 F. 2nd 563 (2d Cir., 1961); United States v. Miller, 311 F. 2d 825 (2nd Cir. 1969).

As this is a pre-trial motion, it does not call upon the Court to overturn a conviction or to weigh such questions as materiality and prejudice in review od a trial record. See United States v. Five Persons, 472 F. Supp. 64, 67 (D.N.J. 1979) described the absolute materiality of impeachment:

> ...aside from outright exculpatory items, it is difficult to imagine information more material to the preparation of the defense than credibility items for critical or major government witnesses.

Moreover, even when the favorable information is part of a witness statement which is usually protected from pre-trial discovery by the Jencks Act, 18 U.S.C. §3500, the Government must nonetheless disclose it as far in advance of the trial date as due process may practically require for its use by the defense. United States v. Harris, 458 F. 2d 670 (5th Cir.), cert. denied 409 U.S. 888(1972).

In conclusion, pre-trial disclosure should be ordered so that defense counsel can conduct

appropriate investigation and interviews and otherwise prepare for trial, so that counsel can participate intelligently in jury selection, present a prepared opening statement, meaningfully prepare for and undertake effective cross-examination, and if necessary, prepare for defense evidence. It should also be ordered so that the Court and the jury are not inconvenienced with unnecessary trial delays.

### SPECIFIC REQUESTS FOR DISCLOSURE OF IMPEACHMENT

The Defendant, by virtue of his pre-trial motion filed herein, specifically requests certain impeachment within the Government's possession. United States vs. Argurs, 427 U.S. 97, at page 106 (1976).

1. Defendant requests information regarding prior felony convictions and juvenile adjudications for use as impeachment. Rule 609, Federal Rules of Evidence. Courts have included in this request verdicts of guilty, United States vs. Caraday, 466 F. 2d 745 (8th Cir.) cert. denied, 425 U.S. 905 (1976); and, "par sheets" for witnesses, United States vs. Alvare-Lopez, 559 F. 2d 1155 (9th Cir. 1977).

2. The Federal Rules of Evidence also give the Court discretion to permit counsel for defendant to cross-examine a witness regarding specific instances of misconduct or "bad acts" if the evidence impeaches the witness' truthfulness, even though such behavior does not amount to felony convictions. Rule 608(b), Federal Rules of Evidence.

3. The government must identify each occasion on which any witness has testified so that the Defendant can avail himself of impeachment material. For instance, transcripts of testimony can be ordered for use in cross-examination or as sources of information for impeachment. Fundamental fairness and due process further mandate early disclosure of such Jencks material. United States vs. Narciso, 466 F. Supp. 252, 270-1 (E.D. Mich. 1977).

4. It is crucial that inherently suspect witnesses, such as informants, accomplices, or co-conspirators be properly investigated, confronted, and cross-examined to benefit the accuses. United States vs. Mayer, 556 F. 2d 245 (5th Cir. 1977); United States vs. Alvarez-Lopez, 559 F. 2d 1155 (9th Cir. 1977). In Johnson vs. Brewer, 521 F. 2d 556 (8th Cir. 1975), a prisoner was convicted the testimony by paid informant. At his state trial, petitioner offered to prove that the same witness had lied and attempted to frame a defendant in a trial in Michigan; the Court concluded the jury was entitled to know of the Michigan testimony and the modus operandi of an undercover agent, an informant whose livelihood depended upon continuing relationships with state authorities, of the possibilities of bias due to the foregoing and the perceived unreliability to informant witnesses and that exclusive of such evidence was a denial of due process.

All prior testimony of expert witnesses is also necessary to properly prepare for true confrontation and cross-examination. See McConnell vs. United States, 393 F. 2d 404 (5th Cir. 1968) in which the Court held that the Defendant could impeach a handwriting expert by showing mistaken identification at another, though related, trial.

5. Where the credibility of any government employee is at issue, defense counsel is entitled to impeachment; as to informants, see United States vs. Morell, 524 F 2d 550, at 552-55(2d Cir. 1975); as to law-enforcement witnesses, see United States vs. Garrett; 542 F. 2d 23, (6th Cir. 1976), where defense counsel was both denied access to the disciplinary records of a police officer witness who was suspended for refusal to submit to a urine test to determine his use of hard drugs, and restricted in his cross-examination as to reasons for the suspension; and United States vs. Hitchmon, 609 F, 2d 1098 (5th Cir, 1979), where a conviction was overturned because of cross-examination was restricted regarding an internal investigation of DEA agents concerning perjured testimony given in an effort to obtain a conviction.

6. The Government has an affirmative duty to disclose any and all real or imagined consideration. Giglio vs. United States, 405 U.S. 150(1972); that is, the obligation included, but is not limited to, the total compensation or benefits paid to or expected by each witness, United States vs. Partin, 496 F 2d 750, 757-60 (5th Cir. 1974); attorney fees paid by the state law enforcement officers, United States vs. Antone, 603 F. 2d 566, 569-70 (5th Cir. 1979); tax benefits, 21 U.S.C. SS7122 and 7623, or administrative benefits, United States vs. Wolfson, 437 F. 2d 862, 874-5 (2d Cir, 1970); business assistance, United States vs.Dicarlo, 575 F. 2d 952 (1st Cir.),cert. denied, 439 U.S. 834 (1978); assistance in avoiding prosecution by other authorities, Asbill vs. Pogue, 534 F. 2d 195, 196 (9th Cir. 1976); grants of immunity, United States vs. Dillard, 419 F. Supp. 1000 (N.D. i11.1976); ommission from being named in an indictment as in unindicted co-conspirator, United States vs. Librach, 520 F. 2d 550 (8th Cir. 1975); cert. denied, 429 U.S. 939 (1976), and informant status, United States vs. Mele, 464 F2d 918 (2d Cir. 1972). Thus, any inducement, though never made, if expected by the witness, must be disclosed: United States vs. Mayer, 556 F 2d 245-250 (5th Cir. 1977); Alford vs. United States, 282 U.S. 687, 693 (1931).

7. The Defendant is also entitled to be advised of any matter which may cause a witness to shade his testimony in favor of the Government and against the accused. For example, in United States vs. Bonnanno, 430 F. 2d 1060 (2d Cir. 1970) cert. denied, 400 U.S. 964 (1971), the Court found that the Government should have disclosed a pending indictment against a witness to show "possible motivation of the witness to testify favorably for the government". 420 F.2d at page 1062.

8. The Defendant is also entitled to be advised of any matter which may affect a witness' competency, mental or otherwise, Wiman vs. Powell, 293 F. 2d 605, 606 (5th Cir. 1961), Powell vs. Wiman, 287 F. 2d 275, 278 (5th Cir. 1961); opportunity to observe, remember, recall and

narrate; his character for truth and veracity; the witness, bias, motives, interests; whether truth serum or a polygraph test was used, United States vs. Hart, 344 F. Supp. 522 (E.D.N.Y. 1971) and Rule 16(a) (1) (D), Federal Rules of Criminal Procedure; whether witness used or uses narcotic drugs at times relevant to case, United States vs. Fowler, 465 F. 2d 566 (D.C. Cir. 1971).

## CONCLUSION

Counsel for the Defendant must prepare for confrontation, cross-examination, and impeachment of witnesses; and, as much are fundamental rights of the accused, the government must disclose matters relating thereof.

WHEREFORE, the Defendant respectfully requests this Court grant the within motion.

Respectfully submitted this 23rd day of February, 2026.

/s Ronald E. Harrison II
Ronald E. Harrison II
Attorney for Defendant
Ga. Bar No. 333270

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia 31520
(912) 264-3035

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO.: 2:25-cr-00022 |
| v. | * |
| | * |
| DAN MANGRAM, | * |
| Defendant | * |

# CERTIFICATE OF SERVICE

This is to certify that I have this day delivered by email in accordance with the directives from the Court Notice of Electronic Filing the **MOTION FOR DISCLOSURE OF IMPEACHMENT EVIDENCE AND MEMORANDUM OF LAW** in the above-captioned case to:

>Ryan Bondura
>Special Assistant United States Attorney
>United States District Court
>22 Barnard Street
>Savannah, GA 31401

This 23rd day of February, 2026.

>Respectfully Submitted,
>
>/s Ronald E. Harrison II
>Ronald E. Harrison II
>Georgia Bar No. 333270
>Attorney for Defendant

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia  31520
(912) 264-3035