UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO.: 2:25-cr-00022 |
| v. | * |
| | * |
| DAN MANGRAM, | * |
| Defendant | * |

**MOTION TO DETERMINE EXISTENCE OF CONFIDENTIAL INFORMANT OR SOURCE AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, the Defendant, DAN MANGRAM, by and through undersigned counsel and respectfully moves this Honorable Court to order the government to disclose the existent of any confidential informant or confidential source of information in this cause. The Defendant is not, at this time, requesting the government to disclose the identity of any confidential source.

**MEMORANDUM OF LAW**

Until the Defendant is advised as to whether any information or evidence was obtained from a confidential source, neither counsel nor this Court will be in a position to evaluate the need for disclosure of that source under the rule of law announced in Roviaro v. United States, 353 U.S. 53, 77 S. Ct. 623 (1957).

In United States v. Diaz, 655 F. 2d 580 (5th Cir. 1981), the Fifth Circuit stated that it is the obligation of defense counsel to inquire, at the earliest stages of a criminal case, into existence of any confidential source of information.

In such circumstances, the appropriate procedure is for the defendant to file a specific pre-trial motion requesting disclosure. If the confidential informant's identity was

so crucial to the defendant's defense as she contends on appeal, we are unable to understand why she was not more diligent in seeking disclosure. Id. at 586.

Only after disclosure of the existence of a confidential source can the Defendant even attempt to explore the role of that source in this case and determine the existence of factors which would justify disclosure of the informant's identity. E.g., United States v. Ayala, 643 F. 2d 244 (5th Cir. 1981) (balancing test applied to determine if disclosure of identity and production of informant is mandated).

Based on the foregoing, the Defendant respectfully requests this Court require the government to disclose the existence of any confidential source of information utilized in the investigation of this case and apprehension of the Defendant.

Respectfully submitted this 23rd day of February, 2026.

/s Ronald E. Harrison II
Ronald E. Harrison II
Attorney for Defendant
Ga. Bar No. 333270

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia 31520
(912) 264-3035

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO.: 2:25-cr-00022 |
| v. | * |
| | * |
| DAN MANGRAM, | * |
| Defendant | * |

# CERTIFICATE OF SERVICE

This is to certify that I have this day delivered by email in accordance with the directives from the Court Notice of Electronic Filing the **MOTION TO DETERMINE EXISTENCE OF CONFIDENTIAL INFORMANT OR SOURCE AND INCORPORATED MEMORANDUM OF LAW** in the above-captioned case to:

> Ryan E. Bondura
> Assistant United States Attorney
> United States District Court
> 22 Barnard Street
> Savannah, GA  31401

This 23rd day of February, 2026.

Respectfully Submitted,

/s Ronald E. Harrison II
Ronald E. Harrison II
Georgia Bar No. 333270
Attorney for Defendant

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia  31520
(912) 264-3035