UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO.: 2:25-cr-00022 |
| v. | * |
| | * |
| DAN MANGRAM, | * |
| Defendant | * |

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, the Defendant, DAN MANGRAM, by and through his undersigned counsel and respectfully moves this Honorable Court to order the United States Attorney to provide him, no less than three days prior to trial of this cause, all statements and reports within the meaning of the Jencks Act, 18 U.S.C. §3500, including but not limited to the following:

1. Any written statement made by a witness intended to be called to testify at trial or hearing by the Government which was signed or otherwise adopted or proved by said witness. 18 U.S.C. §3500(e)(1).

2. Any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by such a person to anyone and recorded contemporaneously with the making of such oral statement. 18 U.S.C. §3500(e) (2).

3. The transcription of any and all Grand Jury testimony of any witness intended to be called to testify at trial or hearing by the government. United States v. Ramirez, 482, F.2nd 807 (2d Cir. 1973); United States v. Bally Manufacturing Corporation, 345 F. Supp. 410 (D.C. LA. 1972); United States v. McCarthy, 292 F. Supp. 937 (D.C. N.Y. 1968); United States Code §3500(e) (3).

4. The notes and reports made by a Governmental agent intended to be called to testify at trial or hearing by the Government which embody the agent's criminal investigation of the instant case. United States v. Lewis, 340 F. 2d 678 (8th Cir. 1965); 18 U.S.C. §3500 (e).

5. The undersigned is aware of the policy of the United States Attorney for this District with respect to the release of all "Jencks" material, which, absent court order, is immediately prior to the trial in chief, and often prior to the witness' testimony.

6. The undersigned is entitled to a reasonable time within to prepare and assimilate the material which will be made available to him. Being required to read "Jencks" material immediately before a witness testifies, while a witness is testifying, or upon completion of the witness' testimony, places the Defendant in the untenable position of being denied effective assistance of counsel, confrontation and cross-examination rights and due process of law, all guaranteed by the Fifth and Sixth Amendments to the United States Constitution. In addition, Defendant is denied the opportunity to procure witnesses in advance of trial, to refute testimony absent some precise idea of what a witness is going to testify.

7. 18 U.S.C. §3500 speaks loud and clear. Its most recent interpretation is Goldberg v. United States, 425 U.S. 94, 96 S. Ct. 1338 (1976). Goldberg, supra, clearly supports Defendant's request. See also, United States v. Carrasco, 537 F. 2d 372 (9th Cir. 1976). Carrasco, supra, requires the DEA to turn over to Defendant an informers diary; Goldberg requires the United States Attorney to turn over his witness interview notes, provided the witness adopts them as his own statement. The real issue left open is at what stage in this trial this Court will require production of "Jencks" material. Defendant contends that notions of fair trial guaranteed by the Sixth Amendment and due process of law guaranteed by the Fifth Amendment (in order to avoid trial by ambush) as well as the orderly administration of justice, require this production, now, prior to the

beginning of the trial, in order that Defendant can adequately prepare their defense. The Fifth Circuit has recognized that it is within the Court's discretion to order early disclosure, United States v. Bullock, 551 F. 2d 1377 (5th Cir, 1977), although ordinarily "Jencks" material is not subject to pre-trial discovery. United States v. Nabrit, 554 F. 2d 247 (5th Cir. 1977), and United States v. Sotson 546 F. 2d 1151 (5th Cir. 1977).

8. Any other statements and reports of prospective governmental witnesses which have been construed by case law to be Jencks Act material.

WHEREFORE, the Defendant respectfully requests this Honorable Court to order the early disclosure of Jencks Act material, including those items now required under Goldberg, supra, and Carrasco, supra.

Respectfully submitted, this 23rd day of February, 2026.

/s Ronald E. Harrison II
Ronald E. Harrison II
Attorney for Defendant
Ga. Bar No. 333270

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia  31520
(912) 264-3035

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * CASE NO.: 2:25-cr-00022 |
| v. | * |
| | * |
| DAN MANGRAM, | * |
| Defendant | * |

# CERTIFICATE OF SERVICE

This is to certify that I have this day delivered by email in accordance with the directives from the Court Notice of Electronic Filing the **MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF** in the above-captioned case to:

>Ryan Bondura
>Special Assistant United States Attorney
>United States District Court
>22 Barnard Street
>Savannah, GA 31401

This 23rd day of February, 2026.

Respectfully Submitted,

/s Ronald E. Harrison II
Ronald E. Harrison II
Georgia Bar No. 333270
Attorney for Defendant

Coastal Law Group
1621 Reynolds Street
Brunswick, Georgia 31520
(912) 264-3035